FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
11/23/2020
CLERK'S OFFICE
AT GREENBELT
BY <u>KN</u>, DEPUTY CLERK

*DCJ* RRR/EBP: 2019R00723

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.** TDC 20-cr-414 |
| | * | |
| **SARAH GEDDES HOLMES,** | * | **(Embezzlement from a Labor** |
| | * | **Organization, 29 U.S.C. § 501(c); Bank** |
| **Defendant** | * | **Fraud, 18 U.S.C. § 1344; Forfeiture,** |
| | * | **18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)** |
| | * | **and (b)(1); 21 U.S.C. § 853(p);** |
| | * | **28 U.S.C. § 2461(c))** |
| | * | |

*******

### INFORMATION

#### COUNT ONE
#### (Embezzlement from a Labor Organization)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

1. Defendant **SARAH GEDDES HOLMES** ("**HOLMES**") resided in the District of Maryland.

2. Bank 1 was a financial institution within the meaning of 18 U.S.C. § 20 and had its deposits insured by the Federal Deposit Insurance Corporation and the National Credit Union Administration.

3. The International Association of Machinists and Aerospace Workers, Local Lodge 24 ("Local 24"), is a labor organization within the meaning of 29 U.S.C. § 402(i) that represents members that work on Andrews Air Force Base in Clinton, Maryland.

4. **HOLMES** became the Secretary-Treasurer of Local 24 in 2015. As Secretary-Treasurer, **HOLMES** was an officer of Local 24, a fiduciary, and occupied a position of trust

within Local 24 and in relation to its members, as defined in 29 U.S.C. § 501(a).

5. Local 24 members pay monthly dues that are intended to fund legitimate union purposes, including bargaining with employers, litigating grievances, and providing any administrative support that Local 24 requires. **HOLMES** was a signatory on Local 24's bank account and had sole control of Local 24's checkbook, including Local 24's checking account at Bank 1.

### The Charge

6. On or about May 2015 through June 2018, in the District of Maryland, the defendant,

**SARAH GEDDES HOLMES**,

while an officer of Local 24, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to her own use the moneys, funds, securities, property, and other assets of said labor organization.

29 U.S.C. § 501(c)

## **COUNT TWO**
**(Bank Fraud)**

The United States Attorney for the District of Maryland further charges that:

1. Paragraphs 1 through 5 of Count One are incorporated here.

### **The Scheme to Defraud**

2. Between in or about May 2015 through in or about June 2018, in the District of Maryland and elsewhere, the defendant,

**SARAH GEDDES HOLMES**,

did knowingly and willfully devise a scheme and artifice to defraud Bank 1 and to obtain monies, funds, credits, assets, and securities owned by and under the custody and control of Bank 1 by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

### **Manner and Means**

3. It was part of the scheme to defraud that, through fraudulent means, **HOLMES** wrote and signed checks in her name, forged signatures on checks in her name, altered already written checks by changing check numbers, dates, and amounts, and deposited said checks into her personal bank account.

4. It was further part of the scheme to defraud that **HOLMES** obtained money that was under the custody and control of Bank 1, in the amount totaling $294,585.18, by depositing 160 fraudulent checks in her name.

5. It was further part of the scheme to defraud that, after the funds were transferred from Bank 1 into **HOLMES**' personal bank account, **HOLMES** used the money at casinos and to make personal purchases, including for food, household goods, beauty supplies, online gaming, and other gambling related expenditures.

## The Charge

6. On or about February 26, 2018, in the District of Maryland, the defendant,

**SARAH GEDDES HOLMES**,

did knowingly and willfully execute the scheme to defraud Bank 1 by depositing three fraudulent checks totaling $6,920.02 drawn on Local 24's bank account held by Bank 1 into **HOLMES**' personal bank account.

18 U.S.C. § 1344

## **FORFEITURE ALLEGATION**

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and (b)(1) and 21 U.S.C. § 853(p) in the event of the defendant's conviction of either of the offenses charged in Counts One and Two of this Information.

### **Embezzlement Forfeiture**

2. Upon conviction of the offense alleged in Count One of this Information, the defendant,

### **SARAH GEDDES HOLMES**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### **Bank Fraud Forfeiture**

3. Upon conviction of the offense alleged in Count Two of this Information, the defendant,

### **SARAH GEDDES HOLMES**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offense.

### **Property Subject to Forfeiture**

4. The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least **$264,585.18 in U.S. Currency**.

**Substitute Assets**

5. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C § 982(b)(1) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2) and (b)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:    11/23/2020

                                                    Robert K. Hur
                                                    United States Attorney